# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ELSA ADRIANA COCANNOUER | § | |
| | § | |
| V. | § | A-08-CA-099 LY |
| | § | |
| CADENCE CONTRACT SERVICES, LLC | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion for Summary Judgment (Clerk's Docket No. 19); Plaintiff's Response (Clerk's Docket No. 20); Defendant's Reply[1] (Clerk's Docket No. 27); and Plaintiff's Sur-Reply (Clerk's Docket No. 29). The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

Defendant Cadence Contract Services, LLC ("Defendant") is a Utah-based limited liability company which operates as a government contractor in several states, including Texas. Defendant entered into a construction contract with the Federal Government to perform work at the Fort Hood Army Base in Killeen, Texas. On December 4, 2006, Defendant hired Plaintiff Elsa Adriana Cocannouer ("Plaintiff") to work as a computer aided design ("CAD") manager at the Fort Hood

---

[1] In Defendant's Reply, Defendant objects to several paragraphs in Plaintiff's Response on the basis of hearsay. The Court has not relied on any improper statements in the pleadings in ruling on the instant Motion for Summary Judgment. Accordingly, Defendant's Objections are DENIED as MOOT.

location. Shortly after Plaintiff was hired, Plaintiff became pregnant. Plaintiff alleges that she notified her manager, Ron Garner, of her pregnancy in late March 2007.[2] Approximately one week after she notified Mr. Garner of her pregnancy, Plaintiff was demoted from the position of CAD manager to the position of CAD drafter and was replaced by Wade Green, a male employee. Plaintiff further alleges that after she experienced morning sickness at the office on April 26, 2007, Patrick Hendrickson, owner and corporate counsel for the Defendant, approached Plaintiff and asked her about her pregnancy and her plans for future children. On May 4, 2007, Ron Garner notified Plaintiff that she was terminated. Plaintiff alleges that she was terminated because of her sex and pregnancy. Defendant denies that it discriminated against Plaintiff and contends that she was terminated because of "her inability to perform her job responsibilities." Defendant's Motion for Summary Judgment at p. 2.

After exhausting her administrative remedies with the Equal Employment Opportunity Commission, on February 4, 2008, Plaintiff filed the instant employment discrimination lawsuit against Defendant under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. Plaintiff's sole cause of action is that she was terminated because of her sex and pregnancy, in violation of Title VII. Defendant has now filed its Motion for Summary Judgment arguing that it is entitled to summary judgment on Plaintiff's claim of discrimination.

## II. STANDARD OF REVIEW

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] Ron Garner testified in his deposition that he became aware of Plaintiff's pregnancy sometime in the beginning of April 2007. See Garner Deposition at p. 6, Exhibit 2 to Defendant's MSJ.

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506

U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

The Court will now apply the above-guidelines to determine whether the Motion for Summary Judgment should be granted.

### III. ANALYSIS

Plaintiff alleges that she was terminated because of her pregnancy and sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq* ("Title VII"). Title VII makes it unlawful for an employer to discharge an employee because of her sex, which includes discrimination because of pregnancy. See 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 2000e(k) (including discrimination "because of or on the basis of pregnancy," per the Pregnancy Discrimination Act); *Wallace v. Methodist Hosp. System*, 271 F.3d 212, 219-220 (5th Cir. 2001), *cert. denied*, 535 U.S. 1078 (2002). A claim brought under the Pregnancy Discrimination Act is analyzed like any other Title VII discrimination claim. *Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir.), *cert. denied,* 525 U.S. 1000 (1998).

Under Title VII, a plaintiff can prove intentional discrimination through either direct or circumstantial evidence of discrimination. *See Id.* If a plaintiff presents direct evidence of discriminatory animus, then she is entitled to bypass the familiar *McDonnell Douglas* burden-shifting framework usually applied in employment discrimination cases. *Trans World Airlines, Inc.*

*v. Thurston*, 469 U.S. 111, 121 (1984) (stating, "the *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination"). In such "direct evidence" cases, the burden of proof shifts to the employer to establish by a preponderance of the evidence that the same decision would have been made regardless of the discriminatory animus. *Fierros v. Texas Dept. of Health*, 274 F.3d 187, 192 (5th Cir. 2001). Direct evidence is "evidence which, if believed, proves the fact [of discriminatory animus] without inference or presumption." *Brown v. East Mississippi Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993). "[D]irect evidence includes any statement or document which shows on its face that an improper criterion served as a basis–not necessarily the sole basis, but a basis–for the adverse employment action." *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 415 (5th Cir. 2003).

As direct evidence of discrimination, Plaintiff points to a conversation she had with her supervisor, Ron Garner, on the morning of May 4, 2007. Plaintiff alleges that during the meeting with Mr. Garner, he informed Plaintiff that he had been told to "get rid" of her. Plaintiff alleges that she then asked Mr. Garner whether her pregnancy had anything to do with the decision to terminate her. In response, Plaintiff avers that Mr. Garner replied "well . . . also" and then proffered additional reasons for her termination, such as that there was not enough work to do and that Wayne Green had reported that Plaintiff was not capable of handling her job. *See* Plaintiff's Affidavit at ¶¶10-11, Exhibit 1 to Plaintiff's Response; Plaintiff's Deposition at p. 77, Exhibit 2 to Plaintiff's Response. Plaintiff further alleges that Mr. Garner told her that he was not responsible for the decision to terminate her and explained that Wayne Green had "gone over his [Mr. Garner's] head" to get her terminated. *Id.*

The Fifth Circuit has explained that "remarks may serve as sufficient evidence of . . . discrimination if the offered comments are: 1) [pregnancy] related; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 608 (5th Cir. 2007) (quoting *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996)). Mr. Garner's statement meets all of these elements.

Defendant points out that there were no witnesses to this conversation, and appears to contest whether Mr. Garner ever made the "well . . . also" comment to Plaintiff. However, for summary judgment purposes, the Court must assume the truth of Plaintiff's allegations. *See Gillaspy v. Dallas Indep. Sch. Dist.*, 2008 WL 2037257 at * 4 (5th Cir. May 13, 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 550 U.S. 133, 150-51 (2000)). Plaintiff's deposition testimony is consistent with her affidavit in this regard, and the fact that Plaintiff is the only witness for the statement and there is no corroborating testimony does not preclude this evidence from being sufficient to survive summary judgment. *See Gillaspy*, 2008 WL 2037257 at * 4 (noting that Court must assume the truth of plaintiff's statement even if there were no witnesses to the conversation); *Templet v. Hard Rock Const. Co.*, 2003 WL 181363 at * 4 (E.D. La. Jan. 27, 2003) (finding that plaintiff's affidavit and deposition testimony alone constituted direct evidence that employer had a discriminatory motive in demoting plaintiff); *Fierros v. Texas Dept. of Health*, 274 F.3d 187, 195 (5th Cir. 2001) (plaintiff's affidavit attesting that employer made statement that on its face evidenced discriminatory motive); *Vance v. Union Planters Corp.,* 209 F.3d 438, 442 (5th Cir. 2000) (employer's remark "that he wanted to hire a 'mature man'. . . qualifies as direct evidence of sex discrimination even if the plaintiff "were the only witness" to testify about the remark), *cert. denied*, 537 U.S. 815 (2002).

Moreover, it is important to remember that in determining whether a plaintiff has established the element of causation under the direct evidence path, "the district court must refrain from weighing the evidence and preemptively determining whether and which inferences a reasonable jury is likely to draw." *Fabela*, 329 F.3d at 416. "Instead, in deciding which evidentiary framework applies, the district court must ask whether the direct evidence, truly standing alone, is sufficient to support the conclusion that a nexus exists between the protected activity and the adverse employment action." *Id.* at 416-17 (citing *Barrett Computer Services, Inc. v. PDA, Inc*. 884 F.2d 214, 218 (5th Cir.1989) (holding that, "[a]lthough more concrete evidence [supporting an element of the nonmovant's claim] would have been preferable, the evidence presented suffices to establish the existence of a genuine fact issue . . . . After all, in summary judgment proceedings, '[t]he judge's function is not himself to weigh the evidence and determine the truth of the matter . . . . Rather, he or she only assesses whether there is a "genuine issue as to any material fact. . .")') (internal citations omitted)). Accordingly, if the direct evidence alone is sufficient to support a causal nexus, then the plaintiff has established the element of causation, and the burden shifts to the defendant to prove that he would have arrived at the same decision even had he not considered the improper criterion. *Fabela*, 329 F.3d at 417.

In this case a reasonable jury could conclude that Plaintiff was fired, at least in part, because of her pregnancy, based on Mr. Garner's "well. . . also" statement in response to Plaintiff's question of whether she was being terminated because of her pregnancy. Once the plaintiff has submitted direct evidence that pregnancy discrimination was among the motives that prompted her termination, then the "burden of proof shifts to the employer to establish by preponderance of evidence that the same decision would have been made regardless of the forbidden factor." *Fabela*, 329 F.3d at 415

7

(quoting *Moore v. U.S. Dep't of Agric.*, 55 F.3d 991, 995 (5th Cir. 1995)). Accordingly, the burden of proof now shifts to the Defendant to prove that the same decision would have been made regardless of Plaintiff's pregnancy.

Defendant contends that it terminated Plaintiff because "she was unqualified, incapable or unwilling to perform her job responsibilities as a CAD drafter." Defendant's Reply at 3. In support of this argument, Defendant relies on the depositions of Ron Garner and Wade Green, in which they state that Plaintiff did not have the required construction knowledge to do her job and that she was incapable of producing a simple drawing in a reasonable amount of time. *See* Garner Deposition at p. 29; Green Deposition at p. 10. Despite Mr. Garner and Mr. Green's testimony, Plaintiff points out that she had never received any negative reviews or complaints about her work until she was fired on May 4, 2007. In fact, Plaintiff avers that Mr. Garner repeatedly told her that she was doing a good job. Plaintiff's Affidavit at p. 2. Plaintiff also points out that Defendant has failed to "produce one piece of evidence (created prior to anticipation of litigation) that documents one single problem with the Plaintiff's performance." Plaintiff's Response at 19. Plaintiff also notes that she failed to receive any warnings prior to her termination, in violation of the Defendant's employee manual. Drawing all reasonable inferences from the evidence in favor of Plaintiff, Defendant has failed to produce sufficient evidence to show that it fired Plaintiff because of her job performance.

In further support of its argument that Plaintiff's pregnancy played no part in the decision to terminate Plaintiff, Defendant claims that it "did not learn of her pregnancy until mid-April 2007, after her demotion for poor job performance." Defendant's Reply at 4 (citing Ron Garner's Deposition testimony). However, Mr. Garner testified in his deposition that he learned of Plaintiff's pregnancy in "the first part of April" although he could not remember the exact date. Garner

Deposition at p. 6. In addition, Plaintiff alleges that she informed Mr. Garner of her pregnancy in late March 2007. *See* Plaintiff's Affidavit at 2. Approximately one week after she notified Mr. Garner of her pregnancy, Plaintiff was demoted from the position of CAD manager to the position of CAD drafter and was replaced by Wade Green. Plaintiff further alleges that after she experienced morning sickness at the office on April 26, 2007, Patrick Hendrickson, owner and corporate counsel for the Defendant, approached Plaintiff and asked her about her pregnancy and her plans for future children. On May 4, 2007, Ron Garner notified Plaintiff that she was terminated. Drawing all reasonable inferences in favor of the Plaintiff, the Court finds that Defendant has not demonstrated that it would have terminated Plaintiff in the absence of the discriminatory animus. Because there is a genuine dispute of material fact as to whether Plaintiff's pregnancy was a basis for her termination, the Court finds that Defendant's Motion for Summary Judgment should be denied and that this case should proceed to trial.

## IV. RECOMMENDATION

Based upon the foregoing, the Magistrate Court RECOMMENDS that the District Court DENY Defendant's Motion for Summary Judgment (Clerk's Docket No. 19) in its entirety.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of April, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE